ALAN HENRY HAAS, an Infant, by HENRY L. HAAS, His
Guardian ad Litem, Appellant, *v.* HAROLD H. NEWBERY,
Respondent.

First Department, February 21, 1918.

**Trial — action for personal injuries — challenge of juror for cause
— when juror impartial.**

Where during the selection of the jury in an action for damages claimed
to have been sustained by an infant who was run over by defendant's
automobile, after plaintiff had exhausted all his peremptory challenges,
one of the jurors volunteered the statement that he operated a car and
had a " sort of prejudice against a case of this sort," and asked the court
to excuse him, and thereupon he was challenged for cause by plaintiff's
counsel and his examination by the court did not establish that he *would*
decide the case on the evidence alone, regardless of his prejudices, the
challenge should have been sustained and the refusal so to do constitutes
reversible error.

A juror to be held to be impartial must be indifferent as he stands unsworn.

APPEAL by the plaintiff, Alan Henry Haas, an infant, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of February, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of March, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*George B. Class*, for the appellant.

*Fred H. Rees* of counsel [*Otto D. Parker*, attorney], for the respondent.

DOWLING, J.:

This action was brought to recover damages claimed to have been sustained by a boy under eight years of age through defendant's negligent operation of his automobile, as the result of which the boy was run over, sustaining severe injuries. During the selection of the jury, after plaintiff had exhausted all his peremptory challenges, one of the jurors volunteered the statement that he operated a car and had a " sort of prejudice against a case of this sort " and asked the court to excuse him. Thereupon he was challenged for cause by plaintiff's counsel. The court then proceeded to interrogate him as follows: " Q. You think you have a prejudice? A. Well, I have a sort of prejudice against this kind of case. Q. Is it such a prejudice that would prevent you from rendering a fair and impartial verdict on the evidence? A. In a case of this kind. Q. I ask you on what ground do you base your prejudice? A. I drive through the city streets so considerably, and I come in contact with children playing around the streets. Q. Do you not recognize that every case must stand upon its own merits; that some men may be negligent; that some may be careful, and the mere fact of experience in going through our streets would preclude hundreds of men from sitting on juries? Notwithstanding your experience, do you not think, if you took an oath here as a juror, you could listen to the evidence and decide it on the evidence, fairly and justly to the best of your ability? A. Yes. Q. You could do that? A. Yes. The Court: Swear the jury. Mr. Class: I take an exception."

The challenge interposed should have been sustained by the trial court, and the refusal so to do constitutes reversible error. The rule of law is, and always has been, that the juror to be held to be impartial must be " indifferent as he stands unsworn." (Co. Litt. 155b.) The examination of the juror in question shows that he never withdrew his admission that he entertained a prejudice of some kind against an action to recover damages for injuries caused by an automobile, because of his own experience as a driver of a car, and the court itself recognized that the prejudice was still existent, even though it substituted the word " experience " therefor in its question. Nor was the final part of the question whether the juror would decide the case on the evidence alone, regardless of his prejudice, but whether he could so decide. This left the matter of the juror's attitude towards the litigant so uncertain and problematical that, even apart from the objection that his impartiality was dependent on his being accepted and sworn as a juror, he should not have been accepted and the challenge should have been sustained.

The judgment and order appealed from will, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

SCOTT, LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.