ALAN HENRY HAAS, an Infant, by HENRY L. HAAS, His Guardian ad Litem, Respondent, v. HAROLD H. NEWBERY, Appellant.

First Department, January 16, 1920.

Motor vehicles — negligence — injury to infant by automobile — judgment for defendant affirmed — trial — improper reference to prior reversal by Appellate Division.

Appeal from a judgment for the defendant entered on the verdict of a jury in an action to recover for personal injuries sustained by an infant who was run over by the defendant's automobile. Evidence examined, and *held*, that the verdict for the defendant was warranted and that any errors committed at trial were prejudicial to the defendant rather than to the plaintiff.

Where the Appellate Division on a former trial reversed a judgment for the defendant solely for an error of law in overruling a challenge to a juror who admitted his prejudice against actions arising out of accidents caused by automobiles and, without passing on the weight of evidence, reversed the verdict for the defendant solely for the error of law aforesaid, it was prejudicial to the defendant on a new trial for the plaintiff's attorney to refer to the prior reversal and to request the court to charge " that the order of the Appellate Division is to the effect that the finding of the jury that the defendant was not negligent and that the plaintiff was not free from contributory negligence be and the same hereby is reversed." Neither the result of the prior trial nor the reason for its reversal upon appeal should have been before the jury in any way either by suggestion or charge.

APPEAL by the defendant, Harold H. Newbery, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of March, 1919, setting aside the verdict in favor of the defendant and granting a new trial.

*Theodore H. Lord* of counsel [*Fred H. Rees* with him on the brief], for the appellant.

*George B. Class* of counsel [*John L. Class* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover damages for injuries claimed to have been sustained by an infant, seven and a half years of age, who on June 3, 1914, while playing ball in One Hundred and Twenty-eighth street, between Fifth and Lenox avenues in the city of New York, was knocked down and run over by an automobile owned and driven by defendant.

There was a fair question of fact for the jury, both as to defendant's negligence and as to plaintiff's freedom from contributory negligence. An examination of the record satisfies me that upon both issues the jury properly found in favor of defendant. Not only does the testimony preponderate in his favor, but the testimony of certain of plaintiff's witnesses was discredited by reason of the variance in their account of what took place at the time of the occurrences in question, as given on the first and second trials of this action; moreover, some of them had made written statements contradicting their evidence upon this trial.

There is no suggestion of any error committed upon the trial prejudicial to plaintiff which would have justified setting aside the verdict. It seems advisable to refer to an occurrence upon the trial which was prejudicial only to the defendant, and which might have been sufficient to turn the balance against him had not the jury been absolutely convinced of the merits of his defense. This case was tried before and a verdict found in favor of defendant. Upon appeal to this court (181 App. Div. 772), the judgment was reversed solely upon the law, for an error in overruling a challenge interposed by plaintiff to a juror who had admitted his prejudice against actions arising out of accidents caused by automobiles. The opinion clearly shows that to have been the sole ground of reversal. The weight of the evidence was not passed on, nor was the evidence as to negligence or contributory negligence discussed. Following the practice of this court, however, in view of the decision of the Court of Appeals (*Middleton*

v. *Whitridge,* 213 N. Y. 499; *Larkin* v. *N. Y. Telephone Co.,* 220 id. 27), the order of reversal contained the provision that the finding of the jury that the plaintiff was guilty of contributory negligence and that the defendant was free from negligence was reversed. This provision, in view of the fact that the reversal was solely upon an error of law, did no more than show that the question before this court was decided only as a question of law, and that as such question involved the improper acceptance of a juror who had been properly challenged, the court could not affirm any finding of a jury of which he was improperly a member, regardless of their opinion whether the conclusion reached by them was warranted or not. In the course of his summing up on the second trial, plaintiff's counsel stated to the jury: "I said I could make my case out of the defendant's case. I can, and I did before in the Appellate Division." To this objection was taken and a motion made for a new trial, which the court denied but said the statement was a highly improper one to make and instructed the jury to disregard it, and interrogated them as to whether they would disregard it; and when a juror asked if they were not supposed to know anything about the former trial, the court replied that was right and they must forget all about it. In view of this statement, however, defendant's counsel asked the court to charge that the reversal of the prior verdict was " due to the fact that a juror was accepted when he ought not to have been accepted." This was the fact, although it was entirely immaterial upon the second trial, and the matter should not have been referred to. But plaintiff's counsel carried the matter still further, for he asked that " the jury should be fully instructed as to the grounds on which the Appellate Division did reverse," and secured a charge from the court " that the order of the Appellate Division is to the effect that the finding of the jury that the defendant was not negligent and that the plaintiff was not free from contributory negligence be and the same hereby is reversed." This was improper and would have required a reversal of the judgment had the verdict been in favor of plaintiff. The jury was concerned only with the record made upon the trial before it. Neither the result of a prior trial nor the reason for its reversal upon appeal should have been before it in any way, either by

suggestion or charge. It was bound to exercise its judgment upon the testimony it heard, and nothing that occurred upon the earlier stages of the litigation could help it to reach a correct verdict. Rather would the recital of prior happenings confuse or bias it. This is particularly the case where the legal procedure necessary to be followed to effectuate the decision of an appellate court may suggest to laymen that the court has determined the facts, when it has never reached the point of considering them, because a preliminary error of law found in the trial has rendered any examination of the facts unnecessary.

The jury having found a verdict which was fully warranted by the evidence, and no error having been committed prejudicial to plaintiff, the order appealed from will be reversed, with costs to appellant, and the verdict of the jury reinstated.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concur.

Order reversed, with costs, and the verdict reinstated.